UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PETER FELDMAN,

                            Plaintiff,

   -against-

DEUTSCHE BANK NATIONAL TRUST         **REPORT AND RECOMMENDATION**
COMPANY, AS SUCCESSOR TO
DEUTSCHE BANK NATIONAL TRUST         22-CV-6262 (EK) (ST)
COMPANY, AS INDENTURE TRUSTEE FOR
NOTE HOLDERS AND THE NOTE INSURER
OF INDEX 2006-AR27; PHH MORTGAGE
CORPORATION D/B/A PHH MORTGAGE
SERVICING, GOLDEN FIRST MORTGAGE
CORP., "JOHN DOE ENTITY" 1 THROUGH
"JOHN DOE ENTITY" 6,

                          Defendants.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Before this Court is a motion by Peter Feldman ("Plaintiff") to amend the complaint to bring an additional claim against Deutsche Bank National Trust Company, PHH Mortgage Corporation d/b/a PHH Mortgage Servicing, Golden First Mortgage Corporation, and "John Doe Entity" 1 through "John Doe Entity" 6 (together, "Defendants") pursuant to New York General Business Law ("GBL") § 349. Plaintiff initially brought this action in New York state court against Defendants, alleging six[1] claims arising from an issue in the chain of title for Plaintiff's property, which Plaintiff alleges prevented him from obtaining a refinance loan. Notice of Removal ¶ 6, ECF No. 1. Defendants then removed the action to this Court pursuant to 28 U.S.C. § 1441(a), as

---

[1] The claims in the New York state court Complaint, which is the currently operative pleading, are not numbered one through six. *See* Notice of Removal Ex. A at 4–19, ECF No. 1-1. The proposed First Amended Complaint contains the same claims, numbered one through six, and adds a seventh count under GBL § 349. *See* Decl. Supp. Mot. Amend Compl. Ex. 1, ¶¶ 106–78, ECF No. 41-1. It appears that some of the claims in the New York state court Complaint are either incorrectly numbered or plead certain categories of damages rather than independent causes of action which state a claim for relief. *See* Notice of Removal Ex. A at 4–19, ECF No. 1-1. As discussed below, the Court need not address these discrepancies because the instant motion need not be resolved on its merits at this time.

- 1 -

some of the claims at issue arise under federal law, and the Court thus has original jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶ 10, ECF No. 1. In the instant motion, Plaintiff moves this Court to amend the Complaint to bring an additional count pursuant to GBL § 349 for alleged unlawful deceptive acts or practices in business, trade, or commerce, alleging that Defendants made various misrepresentations to Plaintiff regarding the title defect. Decl. Supp. Mot. Amend Compl. Ex. 1, ¶¶ 169–78, ECF No. 41-1; Mem. Supp. Pl.'s Mot. Amend Compl. at 2, ECF No. 42. Thereafter, Defendants filed an opposition to the motion, and Plaintiff filed a reply in further support. Defs.' Mem. Law Opp'n Pl.'s Mot. Amend, ECF No. 44; Reply Supp. Pl.'s Mot. Amend Compl., ECF No. 45.

However, on January 29, 2025, Plaintiff filed a joint letter advising the Court that a settlement in principle had been reached with respect to all Defendants, and requesting 60 days to finalize a settlement and file a stipulation of dismissal which would dispose of all claims. ECF No. 62. On January 30, 2025, this Court granted that joint request, setting a deadline of March 26, 2025, for the parties to file a stipulation of dismissal or a status report regarding the finalization of such settlement. *See* Order dated Jan. 30, 2025. As a global settlement would render the pending motion to amend moot, the Court respectfully recommends that Plaintiff's motion be DENIED WITHOUT PREJUDICE with leave to renew in the event that the parties are unable to reach a final settlement.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court

- 3 -

of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 12, 2025